

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4594
Re: Purchase by Liquor Control
Board of coveralls.

We have your letter requesting an opinion from
this Department on the question whether the Texas Liquor
Control Board may purchase several pairs of coveralls to
be used by its employees in working in warehouses and pay
for same out of the Confiscated Liquor Fund.

The purchase for which the Confiscated Liquor
Fund may be expended are provided by Vernon's Penal Code,
Article 666, Section 30:

"The net proceeds from all sales as pro-
vided in this Section shall be placed in a
separate fund by the Board and may be used from
time to time for defraying such expenses as may
be necessary for the investigation of and ob-
taining evidence for violations of the provi-
sions of this Act."

We assume that the employees of the Board work
in liquor warehouses for the purposes of investigating
and securing evidence of violations of the Act. If it
be necessary, in the judgment of the Board, to provide
them with coveralls to be used exclusively in this work,
we think the Board may do so and pay for the coveralls
out of the Confiscated Liquor Fund. Of course, the cover-
alls are merely to be loaned to the employees, not given
to them; to give the coveralls to the employee or to per-
mit their use by the employee for his private purposes,
would effect a grant of public property not authorized by
law.

The question of purchasing articles of wearing
apparel deemed necessary to the accomplishment of the work

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

of the Department is one primarily addressed to the discretion of the head of the particular/department. Unless there is a palpable and arbitrary abuse of discretion, the decision of the department head should not be set aside. The test of the validity of such purchases is whether they are reasonably necessary to effect the State's purposes; if so, the fact that an incidental personal benefit may accrue to the employee will not make the expenditure one for private, rather than public, purposes. It is contemplated that the employees of the State should provide themselves with the ordinary and usual articles of wearing apparel; these cannot be furnished by the Departments unless expressly authorized by the Legislature as a part of the employee's compensation. But articles of wearing apparel peculiarly necessary for the accomplishment of the work of the State may, as above indicated, be purchased by the Department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:LM

APPROVED JUN 12, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE